**In the Matter of NEPHI RUBBER PRODUCTS CORP., Debtor.**

**Bankruptcy No. 89–31476 HCD.**

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

June 19, 1992.

### ORDER

HARRY C. DEES, Jr., Bankruptcy Judge.

On April 10, 1992, Barnes & Thornburg ("B & T") filed its MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 31, 1992 ORDER DENYING THE FINAL FEE APPLICATION OF DEBTOR'S COUNSEL. B & T filed its SUPPLEMENT TO FINAL AMENDED INTERIM APPLICATION FOR ALLOWANCE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BARNES & THORNBURG, COUNSEL FOR DEBTOR–IN–POSSESSION on April 27, 1992. The court held a hearing on B & T's motion on the same date at which time the court gave B & T the opportunity to file additional information concerning its final amended application. B & T filed its additional supplement on May 8, 1992, and the court took the matter under advisement. The court now approves B & T's final fee application as set forth herein.

### Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana General Rule 45, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2) over which this court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil

Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Background

On March 31, 1992, the court entered its ORDER declining to approve B & T's FINAL AMENDED INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BARNES & THORNBURG, COUNSEL FOR DEBTOR–IN–POSSESSION and giving B & T time to amend its application to provide additional information. In the ORDER the court noted that it had difficulty with insufficiently described services and certain charges included in the application. In its initial supplement to the application B & T: (1) reduced its computer research charges by $78.13; (2) deleted overnight delivery charges of $53.00; (3) deleted courier service charges of $44.00; (4) deleted lunch and juice charges of $54.55; and (5) reduced telecopy charges by $375.00. Additional supplement at 1. B & T further revised its description of various services included in the application; deleted $779.00 in charges for clerical services, office conferences, duplicate services, and other items; and reduced its travel charges by 50% in its additional supplement. *Id.* at 2 and 4. B & T provided the court with additional information concerning the expertise of its attorneys and their participation in interoffice conferences and requested that the court allow 20¢ per page for photocopying expenses, $1.00 for outgoing telecopy expenses, and computerized research charges (including the line printing fee). *Id.* at 2–4 and 5. In sum, B & T asked the court to approve its final amended interim application for $48,088 in fees and $12,914 in expenses. *Id.* at 6.

### Discussion and Decision

■ Reviewing the supplemental information which B & T provided in support of its FINAL AMENDED INTERIM APPLICATION FOR ALLOWANCE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BARNES & THORNBURG, COUNSEL FOR DEBTOR–IN–POSSESSION, the court now finds that the application is acceptable to the court. B & T has deleted the charges which the court felt were unreimbursable, reduced those charges which the court believed were excessive, and provided sufficient additional information to allow the court to approve the remainder of the fees and expenses requested.

■ In addition, B & T has convinced the court to modify its policies concerning the allowance of photocopying and facsimile transmission charges. Based on B & T's arguments at the hearing on this matter, the court concludes that B & T has shown that 20¢ per page accurately reflects a firm's actual costs in photocopying documents.[1] Although a local printer likely could reproduce documents at a lower cost, the court agrees that employing outside sources to photocopy documents is not always practical or desirable in legal matters. The court accordingly will allow 20¢ per page for photocopying expenses unless a higher charge is justified. In the interest of economy the court suggests that when extensive photocopying is required in a case, the applicant consider using an outside source to reproduce the documents. The court will continue to require the applicant to identify (in general) the documents copied and the number of copies so that the court can determine whether the expenses are actual and necessary.

■ The court also will revise its policy relating to facsimile transmission charges. Previously, the court required an applicant to justify the use of facsimile transmissions by stating why the use of first-class mail was impracticable. B & T's argument that communication by facsimile transmissions has become "a way of life" in our society is well taken. The court agrees that debtors, as well as other participants in the bankruptcy process, expect to receive information as quickly and efficiently as possible.

1. The court's previous policy was to allow 10¢ per copy for photocopying expenses unless the applicant justified higher per page charge. *In re*

*Environmental Waste Control,* 122 B.R. 341, 349 (Bankr.N.D.Ind.1990).

Today the best avenue for communicating often is the fax machine. The court thus no longer will require an applicant to justify the use of facsimile transmissions. The court will continue to allow reimbursement for outgoing facsimile transmissions to long distance telephone numbers at the amount of actual toll charges or, if such amount is not readily determinable, $1.00 per page for domestic and $2.00 per page for international transmissions unless a higher charge is justified. The court will not allow reimbursement for incoming facsimile transmissions as the cost of receiving the transmissions is *de minimis*.

### Conclusion

The court now approves B & T's FINAL AMENDED INTERIM APPLICATION FOR ALLOWANCE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BARNES & THORNBURG, COUNSEL FOR DEBTOR–IN–POSSESSION, as amended, in the amount of $48,088 for fees and $12,914 in expenses, finding that the approved compensation is reasonable for the professional services rendered in connection with this case from March 1, 1991, through September 24, 1991.

SO ORDERED.