**In re GLASSTREAM BOATS, INC., Tax I.D. No. 58–1471322, Debtor.**

**Bankruptcy No. 89–70417–VAL.**

United States Bankruptcy Court, M.D. Georgia, Valdosta Division.

Oct. 14, 1992.

William M. Flatau, Macon, Ga., for Chapter 7 Trustee.

Mark W. Roadarmel, Macon, Ga., Asst. U.S. Trustee.

MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On July 13, 1992, the court held a hearing on the applications for approval of compensation to the attorney for the Chapter 7 Trustee, the Chapter 7 Trustee, and the accountant. All fees and expenses were approved by the court except for the expenses relating to facsimile transmissions

by the attorney for the Trustee. The court's past practice has been to deny all reimbursements for facsimile charges. At the conclusion of the hearing, the court took the matter under advisement to allow the attorney for the Trustee the opportunity to submit an affidavit as evidence on the issue of what are the proper charges for incoming and outgoing facsimile transmissions. For the reasons stated herein, the court will not allow the attorney for the Trustee to be reimbursed for the facsimile transmission expenses.

■ The attorney for the Trustee, Mr. William M. Flatau, submitted an affidavit in regard to his request for facsimile charges reimbursement. In Mr. Flatau's affidavit, he set out that the cost of his firm's facsimile machine is $945.00. Mr. Flatau further stated that based on a three-year straight line depreciation, the annual cost of the facsimile machine is $315.00. This ends up being a monthly cost to his firm of $26.25. Also Mr. Flatau contends that the cost of the telephone line to the facsimile machine is $43.47 per month. Although these expenses are actually incurred by Mr. Flatau's firm for the use of the facsimile machine, these expenses relate to overhead and are not reimbursable expenses.

In reviewing the Chapter 11 debtor's application for legal fees, the bankruptcy court of Vermont defined overhead expenses. *In re S.T.N. Enter., Inc.*, 70 B.R. 823 (Bankr.D.Vt.1987). Overhead expenses were defined as those incurred day-to-day by a law firm without regard to whom it represents. *Id.* at 844. The Vermont bankruptcy court gave a non-exclusive list of typical overhead expenses such as: "rent, insurance, taxes, utilities, secretarial and clerical pay, library, computer costs, office supplies, local postage and telephone charges, meals, and local travel." *Id.* The expenses described by Mr. Flatau's affidavit fall within the definition of overhead expenses since they are those types of expenses which are incurred day-to-day by a law firm without regard to whom it represents. Expenses which are properly attributable to overhead cannot be reimbursed

because they are built in to the hourly billing rate. *In re Bi-coastal Corp.*, 121 B.R. 653 (Bankr.M.D.Fla.1990).

The standard for recovery of expenses under § 330(a)(2) of the Bankruptcy Code is only for the reimbursement of actual and necessary expenses. *In re CF & I Fabricators of Utah*, 131 B.R. 474 (Bankr. D.Utah 1991). The court also stated that the bankruptcy estate should not have to bear these expenses when attorneys, because of unwise planning, utilized facsimile machines to transmit papers that could have been sent through the regular mail. *Id.* at 494; *See also In re Holding*, 137 B.R. 462 (Bankr.D.Colo.1992) (facsimile transmissions are not an acceptable substitute for first class mail). In deciding what facsimile charges should be allowed, the court stated that: "[c]ommercial rates are not a proper comparison because they represent a profit to the vendor." 131 B.R. at 494. Professionals cannot make a profit by billing an amount over the actual charges for expenses to the estate. *Id.; See In re Ginji Corp.*, 117 B.R. 983 (Bankr.D.Nev. 1990) (facsimile charges cannot be a profit-making center). A comparison of rates charged by other professionals does not help since these charges represent more than the actual costs.

Several courts have addressed the issue of whether facsimile charges should be reimbursed. The Bankruptcy Court in the *Matter of Nephi Rubber Products* found a $1.50 per page fee for facsimile transmissions to be excessive. 22 B.C.D. 1298, 146 B.R. 782 (Bankr.N.D.Ind.1992). The court held the cost of incoming facsimile transmissions to be de minimis, and therefore it disallowed the reimbursement for incoming facsimiles. *Id.* at 1301, 146 B.R. at 784; *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13 (Bankr.S.D.N.Y.1991). However other courts have chosen not to follow the *Nephi Rubber* decision of disallowing the reimbursement for incoming facsimile transmissions. Instead these courts have chosen to allow reimbursement for incoming facsimile charges at the actual cost of the paper, toner, or ink. *In re Bank of New England Corp.*, 134 B.R. 450 (Bankr.

E.D.Mass.1991); *In re CF & I Fabricators of Utah,* 131 B.R. 474 (Bankr.D.Utah 1991).

The courts addressing the issue of outgoing facsimile transmissions have held that these charges should be limited to the cost of long distance telephone rates. *Matter of Nephi Rubber Prod.,* 22 B.C.D. 1298, 146 B.R. 782 (Bankr.N.D.Ind.1992); *In re Drexel Burnham Lambert Group, Inc.,* 133 B.R. 13 (Bankr.S.D.N.Y.1991); *In re CF & I Fabricators of Utah,* 131 B.R. 474 (Bankr.D.Utah 1991); *In re Bank of New England Corp.,* 134 B.R. 450 (Bankr. E.D.Mass.1991). However some of these courts have held that if the long distance telephone charges are not readily determinable, facsimile transmissions can be charged at a per page amount. *Matter of Nephi Rubber Prod.,* 22 B.C.D. 1298, 146 B.R. 782 (Bankr.N.D.Ind.1992); *In re Drexel Burnham Lambert Group, Inc.,* 133 B.R. 13 (Bankr.S.D.N.Y.1991). The *Nephi Rubber Products* court would allow $1.00 per page for domestic and $2.00 per page for international facsimile transmissions unless a higher charge is justified; however the *Drexel Burnham Lambert Group, Inc.* court would allow $1.25 per page for domestic and $2.50 per page for international facsimile transmissions.

 When requesting reimbursement for facsimile transmissions one must establish that the circumstances reasonably require the use of the facsimile machine rather than the use of the mail or other cheaper means of delivery. In the absence of evidence to the contrary, in future applications, the court will approve only reimbursement for actual cost for toner, paper and ink for incoming facsimiles and the actual cost of long distance telephone charges for outgoing facsimiles. The court will not follow the cases holding that if long distance telephone charges are not readily determinable, then the facsimile transmissions can be charged at a per page amount. If professionals wish to be reimbursed for outgoing facsimile transmissions, they can keep up with and account for the actual expenses charged to them by their telephone company. If a law firm does not have a facsimile machine, it may be reimbursed for the reasonable and necessary expense in using a facsimile transmission service.

According to Mr. Flatau's affidavit, his firm spends approximately $70.00 per month to own and operate the facsimile machine. This $70.00 per month represents the depreciation of the facsimile machine as well as the cost for the telephone line to the facsimile machine. Although the $70.00 amount may actually represent the cost to own and operate the facsimile machine, this cost is attributable to overhead and therefore is not reimbursable. Mr. Flatau has failed to establish that the circumstances reasonably required the use of the facsimile machine rather than the use of the mail or other cheaper means of delivery. The request by Mr. Flatau, the attorney for the Trustee, for reimbursement of facsimile fees is hereby denied.

An order in accordance with this Memorandum Opinion will be entered.