In re Anthony Lephillips MURRAY, and Gail Yvette Murray, Debtors.

No. 05–48017 JTL.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

July 24, 2006.

Brace W. Luquire, Columbus, GA, for Debtors.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On Debtors' Motion to Abrogate, the Court now reconsiders the Administrative Order of January 3, 2005, which outlines the procedure for payment of attorneys fees in Chapter 13 cases.

### FACTS

Debtors filed their Chapter 13 bankruptcy petition on November 15, 2005, after the October 17, 2005 effective date of most the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter, "BAPCPA"). On March 28, 2006, Debtors filed a Motion to Abrogate the January 3, 2005 Administrative Order Regarding Attorneys Fees (hereinafter, "Administrative Order" or "Order"). The Administrative Order establishes procedures for the payment of debtors' attorneys fees in Chapter 13 cases wherein it is provided, among other things, that no separate fee application or hearing is required where the debtor and attorney agree that the fee for representation will be less than $1,501.00. The procedure for payment under the Order is set forth as follows:

(a) upon confirmation of the plan and the first distribution, the Chapter 13 Trustee (hereinafter, "Trustee") is to disburse to the debtor's attorney the lesser of $900.00 or six (6) times the monthly plan payment (excluding current house payments in the plan), less any pre-petition attorneys fees received, after deduction of any unpaid filing fees and payment of the Trustee's fees and expenses;

(b) the remaining balance is to be paid by the Trustee to the attorney in amounts not to exceed the lesser of $100.00 or 40% (percent) of the monthly plan payment (excluding current house payments in the plan),

beginning the month following the first distribution under the plan (see (a)) and continuing monthly thereafter until paid;

(c) where no plan is confirmed and the case is dismissed or converted to Chapter 7, Trustee is authorized to disburse to the attorney up to $500.00, less any sums previously received after deduction of any unpaid filing fees and payment of Trustee's fees and expenses.[1]

Debtors, in their motion and rebuttal brief, contend that the procedure established by the Court for the payment of attorneys fees in Chapter 13 cases is violative of 11 U.S.C. § 1326(b), which requires that before or at the same time payments are made to creditors, unpaid claims arising under § 507(a)(2) must be paid. Section 507(a)(2) grants second priority to administrative expenses described in § 503(b), which include attorneys fees. Debtors argue that "Section 1326(b)(1) plainly means that at any given time after confirmation of a Chapter 13 [plan] if there is any unpaid allowed administrative expenses, including any unpaid allowed claim for attorney[s] fees owing to a debtor's attorney, no payment may be made to any other creditor under the plan unless the unpaid administrative expenses are paid in full either first or at the same time."[2]

Debtors argue that the issue to be considered by the Court is *under what Code section* debtors' attorneys fees are to be paid in Chapter 13 cases. According to Debtors, revisions to the Code, specifically revisions to § 330, create doubt regarding the Court's decision in *In re Moore*[3] where

it was held that fees paid to debtors' attorneys upon confirmation of a Chapter 13 plan are interim compensation. The holding in *Moore* established § 331 as the basis for payment of debtors' attorneys fees upon confirmation in Chapter 13 cases in this district. Debtors direct the Court to several cases that hold compensation awarded upon confirmation to debtors' attorneys under Chapter 13 is awarded under § 330.[4]

In accordance with the Court's order of March 31, 2006, the two Chapter 13 Trustees in the district, Ms. Kristin Hurst (hereinafter, "Trustee Hurst") and Ms. Camille Hope (hereinafter, "Trustee Hope"), submitted briefs in response to Debtors' motion.

Trustee Hope noted that the purpose of the Administrative Order is to provide a simplified method for payment of debtors' attorneys fees in Chapter 13 that would not unduly delay payment to secured creditors, particularly creditors secured by rapidly depreciating assets.[5] Trustee Hope stated that the administrative order strikes a balance between the need to pay administrative fees and the need to protect creditors.[6] Regarding Debtors' argument that § 1326(b)(1) requires the payment of debtors' attorneys fees in Chapter 13 cases ahead of, or at the same time as, payments made to secured creditors, Trustee Hope emphasized that "all attorney fee awards made as part of the order of confirmation in [the district] are interim fee awards made pursuant to § 331."[7] Therefore, reasons Trustee Hope, debtors' attorneys need not be paid ahead of the other creditors.[8]

1. *See* Administrative Order (Jan. 3, 2005).

2. Debtors' Motion to Abrogate at 1–2.

3. 36 B.R. 323 (Bankr.M.D.Ga.1984) (Hershner, J.).

4. Debtors' Motion to Abrogate at 2–3.

5. Trustee Hope's Response Brief at 1.

6. *Id.*

7. *Id.* at 2.

8. *Id.*

Trustee Hope notes the split of authority among the few courts that have considered the issue of payment of attorneys fees in Chapter 13 cases. She cites the case of *In re Balderas*[9] as an example of those cases accepting procedures consistent with those in this district. The court in *Balderas* held that when § 1326(b)(1) and § 1322(a)(2), with its requirement that the Chapter 13 plan provide for full payment of priority claims, are read together, it is clear that the courts have discretion to order that fees be paid over time.[10] Trustee Hope stresses that the procedure set forth in the Administrative Order is equitable for both attorneys and secured creditors in that it allows attorneys an immediate payment of at least some fees and allows the secured creditors to receive at least some payment within six months of the filing.[11] She also notes that the procedure for payment grants the attorney a vested interest in proposing a feasible plan, since without success of the plan, attorneys will not receive their full fee.[12]

Although Trustee Hope opposes abrogation of the Administrative Order, she states that she does not oppose a review of the Order or its modification.[13] Trustee Hope suggests that the Court could modify the Order to "increase or eliminate the cap and increase the amount of the initial payment...."[14] She also suggests that the monthly payments following the initial disbursement to the attorneys could be increased.[15]

Like Trustee Hope, Trustee Hurst states that the procedure set forth in the Administrative Order strikes a fair balance between insuring that competent attorneys continue to practice in the area of bankruptcy and protecting the interests of creditors.[16] Concluding likewise, after a detailed discussion of the pertinent case and statutory law and consideration of the impact of BAPCPA, Trustee Hurst stated that the Administrative Order should not be abrogated, but that it should be amended to increase the amount of attorneys fees that may be awarded in a Chapter 13 case as interim compensation without a separate fee application. Trustee Hurst notes that with the passage of BAPCPA, the responsibilities of debtors' attorneys have increased. Among many other duties required by BAPCPA, attorneys must now: insure that their clients receive credit counseling prior to filing; acquire and forward pay advices and tax returns; acquire and forward information regarding domestic support obligations; complete statements of current monthly income; and calculate commitment periods and disposable income.[17]

Trustee Hurst suggests that the Administrative Order be amended to provide the following: (a) the sum of $2,500.00 be awarded to debtors' attorneys without a separate fee application and hearing; (b) the lesser of $1,500.00 or six (6) times the monthly plan payment (excluding current house payments in the plan) be initially disbursed to the attorney upon confirmation; and (c) the lesser of $125.00 or 40% (percent) of the monthly plan payment (excluding current house payments in the plan) be paid thereafter on a monthly basis until the attorneys fees are paid in full.[18] Regarding supplemental fee applications

9. 328 B.R. 707 (Bankr.W.D.Tex.2005).

10. *Id.* at 717–18.

11. Trustee Hope's Response Brief at 3.

12. *Id.*

13. *Id.* at 5.

14. *Id.*

15. *Id.*

16. Trustee Hurst's Response Brief at 1, 4.

17. *Id.* at 5.

18. *See Id.*

submitted post-confirmation, Trustee Hurst also recommends that the Court approve an hourly rate of $175.00 per hour for attorneys with significant bankruptcy experience.[19] Trustee Hurst notes that the United States Bankruptcy Courts for the Northern and Southern Districts of Georgia have enacted general orders pertaining to payment of debtors' attorneys fees for all Chapter 13 cases filed after October 17, 2005. In the Northern District, the order provides that a fee of $2,500.00 does not require a separate fee application. In the Southern District, the order provides that a fee of $2,500.00 is deemed automatically approved by the court in the absence of an objection.

## DISCUSSION AND CONCLUSIONS OF LAW

■ Despite Debtors' thorough discussion and argument regarding the legality of the Court's Administrative Order, Debtors state in the conclusion to their rebuttal brief, that they recognize the need for a method of balancing the interests of debtors' attorneys with the interests of creditors secured by rapidly depreciating assets. Without fully abandoning their legal arguments discussed above, Debtors assert that there is "agreement with both Trustees that the Administrative Order should be modified rather than abrogated...."[20] Like the Trustees, Debtors propose that the Administrative Order be amended to allow the following: (a) an increase in attorneys fees up to the sum of $2,500.00 without a separate fee application and hearing; (b) an increase to $1,500.00 of the initial disbursement to debtors' attorneys upon confirmation and prior to disbursements to other creditors other than for continuing payments on mortgages; and

(c) a continued monthly payment thereafter, not to exceed the lesser of $125.00 or 40% (percent) of the monthly plan payment, until the balance owed to debtors' attorneys is paid in full.[21] Debtors also state that attorneys should also be able to apply for the reimbursement of photocopying, mailing, and other expenses.[22]

In light of Debtors' agreement with the Trustees as to the proper way to proceed regarding payment of debtors' attorneys fees in Chapter 13 cases, the Court is not required to reconsider its opinion in *In re Moore*[23] or dedicate further discussion to the legal issues raised by Debtors in opposition to the standing Administrative Order. The Court recognizes, from its experience since the enactment of BAPCPA and from fee requests submitted by debtors' attorneys in the various divisions of the district, that the responsibilities, time requirements, and the expertise required of attorneys practicing in the area of bankruptcy have increased. For this reason, the Court concurs with the suggestions of Trustee Hope, Trustee Hurst, Debtors, and Debtors' counsel, that it is appropriate and reasonable to amend the Court's Administrative Order of January 3, 2005.

As such, the Court hereby DENIES Debtors' Motion to Abrogate and instead holds that its Administrative Order of January 3, 2005 shall be amended to reflect the following changes:

■ Effective as to cases filed on or after **August 1, 2006,** an attorney for a Chapter 13 debtor or joint debtors (for purposes of the following paragraphs (a) through (c), "Debtor") need not file an initial fee application if the fee sought to be paid per case is *$2,500.00* or less; provided, however, that:

---

19. *Id.* at 5.

20. Debtors' Rebuttal Brief at 4.

21. *Id.*

22. *Id.*

23. 36 B.R. 323.

(a) Upon confirmation of Debtor's Chapter 13 plan and in the first distribution thereunder, the Chapter 13 Trustee (hereinafter, "Trustee") shall be authorized to disburse to Debtor's attorney an amount not to exceed the lesser of *$1,500.00 or* six (6) times the monthly plan payment (excluding any current house payment in the plan), *less* any attorneys fees paid prior to filing; such disbursement to be made from proceeds available and paid to Trustee by Debtor, or on Debtor's behalf, after the deduction of any unpaid filing fees and payment of Trustee's fees and expenses;

(b) Trustee is authorized to disburse the balance of any such attorneys fees under Debtor's plan in an amount not to exceed the lesser of *$125.00* or 40% (percent) of the monthly plan payment (excluding any current house payment in the plan), beginning in the month following the first plan distribution set forth in (a) and continuing monthly thereafter until paid; and

(c) If no plan is confirmed and the Chapter 13 case is dismissed or converted to Chapter 7, unless otherwise ordered, Trustee is authorized to disburse to Debtor's attorney compensation not to exceed the sum of *$700.00, less* any sums previously received by Debtor's attorney, after deduction of any unpaid filing fees and payments of Trustee's fees and expenses.

The remaining provisions of the Administrative Order will survive the modification. In addition, the Court, consistent with its past practice and in line with the Eleventh Circuit Court of Appeals holding in *In re Hillsborough Holdings Corp.*[24] and the Court's holding in *In re Glasstream Boats, Inc.,*[25] will allow debtors' attorneys the opportunity to apply for the reimbursement of photocopying, mailing, and other expenses that are generally billed separately from an attorney's hourly rate in non-bankruptcy cases.[26]

The Court believes that the new $2,500.00 fee to be allowed to debtors' attorneys without separate application or hearing is well justified and is comparable with compensation allowed by other districts in the state and around the nation. It is appropriate that the initial disbursement to be paid by the Trustee on that fee be increased by the same proportion that the fee itself is increased.

In reaching its conclusion, the Court has carefully considered the interests of all the parties affected by a Chapter 13 bankruptcy filing, debtors, creditors, and attorneys alike. The Court is convinced that its holding and modification of the Administrative Order will strike the much-needed balance between debtors' interests in proposing and completing a successful Chapter 13 plan, secured creditors' interests in recoupment despite oftentimes rapidly depreciating collateral, and bankruptcy attorneys' interests in being fairly compensated for the vital service they provide to debtors.

A modified administrative order will be simultaneously issued reflecting the holding of the Court as outlined above.

**24.** 127 F.3d 1398 (11th Cir.1997).

**25.** 146 B.R. 784 (Bankr.M.D.Ga.1992) (Laney, J.).

**26.** *See Hillsborough Holdings,* 127 F.3d at 1402–03.