Stephen R. GLASSROTH, Plaintiff,

v.

J. Gorman HOUSTON, Senior Associate Justice of the Alabama Supreme Court, Defendant.

Melinda Maddox and Beverly Howard, Plaintiffs,

v.

J. Gorman Houston, in his official capacity, Defendant.

No. CIV.A. 01–T–1268–N, CIV.A. 01–T–1269–N.

United States District Court, M.D. Alabama, Northern Division.

Jan. 9, 2004.

Order Issued Jan. 12, 2004.

J. Richard Cohen, Morris S. Dees, Jr., Rhonda Brownstein, Danielle Jeannine Lipow, Montgomery, AL, James A. Tucker, Tuscaloosa, AL, Robert M. Weinberg, William Z. Messer, Robert J. Varley, Varley & Messer, LLP, Montgomery, AL, Ayesha Khan, Washington, DC, for Plaintiff.

D. Stephen Melchior, Cheyenne, WY, Phillip Jauregui, Philllip L. Jauregui, LLC, Birmingham, AL, Herbert W. Titus, Titus Law Group, Chesapeake, VA, John J. Park, Jr., Charles B. Campbell, Office of the Attorney General, Montgomery, AL, for Defendant.

ORDER

MYRON H. THOMPSON, District Judge.

This litigation, involving the removal of a Ten Commandments monument from the

rotunda of the Alabama Judicial Building, *see, e.g., Glassroth v. Moore,* 229 F.Supp.2d 1290 (M.D.Ala.2002); *Glassroth v. Moore* 275 F.Supp.2d 1347 (M.D.Ala. 2003), is again before the court.

On November 25, 2003, original-defendant Roy S. Moore filed a motion for the undersigned to recuse himself from further participation in this litigation.[1] In response, on November 26, Senior Associate Justice J. Gorman Houston filed a motion to strike the recusal motion, contending that, because Moore was removed as Alabama's Chief Justice by the State Court of the Judiciary, he, Houston, is now the only proper defendant in this litigation. After careful consideration of all submissions, the motion to strike will be granted.

■ Rule 25(d)(1) of the Federal Rules of Civil Procedure states that, "When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party." Because Moore was sued in his official capacity only, and because he was removed from the office of Chief Justice of the Supreme Court of Alabama by the Alabama Court of the Judiciary on November 13, 2003, *In the Matter of: Roy S. Moore,* No. 33 (Ala.Ct. Jud., Nov. 13, 2003), available at http://www.judicial.state.al.us/documents/final.pdf, Moore has "otherwise cease[d] to hold office." Fed.R.Civ.P. 25(d)(1). And, as Moore's successor, according to state law, 1975 Ala.Code § 12–2–6, Houston "automatically," Fed.R.Civ.P. 25(d)(1), replaced Moore as the defendant in this case. Moore, therefore, is no longer a party to

this litigation and, thus, has no standing to file motions in it.

Moore argues that, because he is appealing his removal to the Alabama Supreme Court, "there is still a question whether [he] has 'otherwise cease[d] to hold office' as Chief Justice.' "[2] Rule 8(b) of the Alabama Rules of Appellate Procedure states that a stay must ordinary be sought from the trial court: "In a civil action, application for a stay of the judgment or order of a trial court pending appeal ... or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the trial court." And, according to Rule 62 of the Alabama Rules of Civil Procedure, a stay is generally in the trial court's discretion. Such a stay, therefore, is not automatic.

As far as this court is aware, no stay of the Court of the Judiciary's final judgment has even been requested. Absent a stay of the Court of the Judiciary's decision removing Moore as Chief Justice or a reversal of that decision by the Alabama Supreme Court, Moore does not hold the office of Chief Justice of the Alabama Supreme Court at this time, even though he has appealed his removal. Barring a further development, there is no "question" that "Moore has 'otherwise cease[d] to hold office' as Chief Justice.' "

Moore's second argument against the motion to strike is that Middle District of Alabama Local Rule 83.1(e) obligated his attorneys to continue representing him in this litigation. The local rule states: "Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record in the first instance until ... they are per-

---

1. It appears that the only remaining issue in this litigation is the plaintiffs' requests for attorneys' fees and costs, incurred at both the trial and appellate levels.

2. Moore's memorandum in opposition to motion to strike, filed December 1, 2003 (Doc. no. 269).

mitted by order of the court to withdraw from such representation."

Moore has misinterpreted this rule. The rule states that unless the attorneys are disbarred or suspended, they must continue to represent *parties;* however, Moore is no longer a party. Therefore, his attorneys do not have an obligation to continue his representation in this matter and, indeed, should have sought leave from this court to withdraw as attorneys in this litigation after Moore's removal from office, unless, of course, they had been specifically authorized to continue to represent Moore's replacement.

■ Furthermore, Rule 83(a) of the Federal Rules of Civil Procedure states that court local rules must be consistent with the federal rules. If the rules are not consistent, the Federal Rules of Civil Procedure apply. *First Nat. Bank, Henrietta v. Small Bus. Admin.,* 429 F.2d 280, 284 (5th Cir.1970) ("Court procedure may be regulated by local rule when not provided for in the federal rules and then only 'in (a) manner not inconsistent with these rules.'") (citing Rule 83).[3] Therefore, Local Rule 83.1(e)'s requirement that attor-

neys of record continue representing "the parties for whom they appear of record in the first instance" until "they are permitted by order of court to withdraw from such representation," does not, and cannot, modify Federal Rule of Civil Procedure 25's requirement that an officeholder's successor in office automatically replaces him or her as a party.

Moore further argues that, in orders entered in this litigation after his removal from office, the court continued to treat him as the defendant in this litigation. Moore again overlooks that, under Rule 25, substitution is "automatic"; a substitution order is not necessary. Indeed, so as to leave no doubt, the rule adds that "the omission to enter such an order shall not affect the substitution." The fact that, after Moore's removal from office, this court may have continued to treat him as the defendant in this litigation is inconsequential.[4]

For the reasons stated above, it is ORDERED as follows:

(1) The motion to strike, filed by defendant J. Gorman Houston on November 26, 2003 (Doc. no. 267), is granted.

---

**3.** In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**4.** In the motion to strike, the Attorney General of the State of Alabama, acting on behalf of Houston, notes that, before Moore filed his recusal motion, the two attorneys who filed the motion on Moore's behalf had ceased to be Deputy Attorneys General of the State of Alabama, authorized to represent a state official in this litigation. One of the attorneys, D. Stephen Melchior, in a letter dated November 13, 2003, informed the Attorney General that he was resigning as a Deputy Attorney General "immediately" as "a matter of conscience and conviction," Houston's motion to strike, filed November 26, 2003 (Doc. no. 267), exh. A, and the other attorney, Herbert W. Titus,

was informed by the Attorney General, in a letter dated November 17, 2003, that his "appointment as a Deputy Attorney General is terminated as of this date" and that the Attorney General's Office would represent the State in this litigation. *Id.,* exh. B. The Attorney General further notes that, under Alabama law, "Any statute to the contrary notwithstanding, no attorney shall represent the State of Alabama, or any agency, department, or instrumentality of the state in any litigation in any court or tribunal unless the attorney has been appointed as a deputy attorney general or assistant attorney general." 1975 Ala. Code § 36–15–1(12). Whether, in light of § 36–15–1 and the above correspondence, Moore's attorneys properly continued to participate in this litigation (rather than immediately filing motions to withdraw from it) is an issue the court need not reach.

(2) The motion to recuse, filed by former defendant Roy S. Moore on November 25, 2003 (Doc. no. 266), is struck.

## ORDER

For the reasons given in the court's order of January 9, 2004 (Doc. no. 271), it is ORDERED as follows:

(1) The motion to substitute, filed by Senior Associate Justice J. Gorman Houston Jr. on November 17, 2003 (Doc. no. 264), is granted.

(2) Senior Associate Justice Houston is substituted for former Chief Justice Roy S. Moore as the defendant in these consolidated cases, effective November 13, 2003, the date that former Chief Justice Moore was removed from office.