**In re Barbara SMITH, Debtor.**

**Barbara Smith, Plaintiff,**

v.

**Homes Today, Steve Stutts, et al., Defendants.**

**Bankruptcy No. 02–81180–WRS.
Adversary No. 02–8029–WRS.**

United States Bankruptcy Court, M.D. Alabama.

Feb. 25, 2004.

3. Lease Purchase Agreement with Existing Mortgage ¶ 3.

Charles M. Ingrum Jr., Attorney at Law, Opelika, AL, for Plaintiff/Debtor.

Daniel W. Lee, Attorney at Law, LaGrange, GA, for Homes Today Inc. & Steve Stutts.

## MEMORANDUM DECISION

WILLIAM R. SAWYER, Chief Judge.

### *I. Facts*

This Adversary Proceeding came before the Court for hearing on February 6, 2004, upon the Court's Order of January 15, 2004, requiring Defendants' counsel Daniel W. Lee to appear and show cause why sanctions should not be imposed. (Doc. 42). Lee was present in person and the Plaintiff was present by counsel Charles Ingrum. Before addressing the specifics of the order to show cause, the Court will review the history of this Adversary Proceeding.

In this Adversary Proceeding, Plaintiff Barbara Smith sought money damages alleging that Defendants Homes Today and Steve Stutts wrongfully repossessed her mobile home in violation of the automatic stay. The matter was tried on May 28, 2003. On July 21, 2003, the Court entered judgment in favor of the Plaintiff in the amount of $58,183.91. (Docs. 30, 31); *Smith v. Homes Today*, 296 B.R. 46 (Bankr.M.D.Ala.2003). This was a particularly egregious example of a mobile home repossession. The Defendants backed a truck up to the Plaintiff's residence and proceeded to drive away, with the Plaintiff still in the mobile home. The Defendants knew that the Plaintiff had filed bankruptcy and knew that she was in the residence at the time they proceeded to drive away. Moreover, the trial was particularly acrimonious.

Subsequent to entry of judgment, Ingrum began efforts to collect the judgment. In response to a communication from Ing-

rum, Lee wrote Ingrum a letter dated October 10, 2003, which stated that "I am almost certain that Mr. Stutts is still in bankruptcy and would be judgment proof." (Doc. 48, Ex. B). The Defendants failed to respond to post judgment interrogatories and failed to respond to the Plaintiff's Motion to Compel. Neither Lee nor the Defendants appeared at the hearing on the Plaintiff's Motion to Compel.[1] The Court granted the Plaintiff's Motion to Compel and awarded attorney's fees which were imposed against Lee in his personal capacity. (Doc. 41).

In fact, Defendant Steve Stutts was not in bankruptcy. The Court learned of Lee's false statement in its consideration of the Plaintiff's motion to compel. The Court was sufficiently alarmed by this to enter a show cause order to offer Lee an opportunity to show that the demonstrably false statement in his October 10, 2003, letter was not sanctionable. (Doc. 42). From the facts as then known to the Court, it appeared that Lee made a false statement that his client was in bankruptcy, and that his position was that he was not required to respond to the interrogatories or the motion to compel. Given the surrounding facts and circumstances of this Adversary Proceeding, it appeared that Lee knowingly made a false statement in an effort to harass and delay the Plaintiff in her efforts to collect her money judgment.

The matter was heard on February 6, 2004. At the hearing, Lee offered a two-pronged defense. First, he alleged that his client told him that he was in bankruptcy and that his statement, though false, was not known by him to be false at the time he made it. Second, Lee alleged that he did not understand that the false representation was material because he did not regularly practice in bankruptcy court. The Court will first discuss the applicable law which governs here and then it will consider Lee's contentions in order.

## II.  Law

■ Lee was admitted to the bar of the United States District Court for the Middle District of Alabama, upon his motion for admission *pro hac vice*. (Docs. 8, 12). Upon his admission, Lee became subject to the Alabama Rules of Professional Conduct. *See* Rule 83.1, Local Rules of the United States District Court for the Middle District of Alabama; General Order of the United States Bankruptcy Court for the Middle District of Alabama, dated July 22, 1988, entitled "Order on Admission to Practice;" *see also Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320–30 (11th Cir.2002) (trial court has inherent power to sanction errant lawyers); *Wade v. Nationwide Mut. Fire Ins. Co.*, 225 F.Supp.2d 1323, 1327–28 (S.D.Ala.2002) (attorneys practicing in Southern District subject Alabama Rules of Professional Conduct); *Nuri v. PRC, Inc.*, 5 F.Supp.2d 1299, 1302 (M.D.Ala.1998) (lawyers who practice in the Middle District subject to Alabama Rules of Professional Conduct). Therefore, Lee is subject to discipline in this Court for actions taken in connection with this Adversary Proceeding.

Rule 3.4(a) of the Alabama Rules of Professional Conduct provides as follows:

A lawyer shall not: (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall

---

1.  An associate from the firm of Friedman, Leak & Bloom stood up at the time the motion was called for hearing, however, he did not have any familiarity with the proceedings and was unable to contribute in any meaningful way.

not counsel or assist another person to do any such act.

ALA. RULE OF PROF'L CONDUCT R. 3.4(a).

Rule 4.1(a) of the Alabama Rules of Professional Conduct provides follows:

> In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person.

ALA. RULE OF PROF'L CONDUCT R. 4.1(a).

The question then presented is whether Lee violated these rules when he falsely stated that his client was in bankruptcy. Lee claims that he did not know that his statement was false when he made it and, in the alternative, that he did not understand it to be material.

## III. Application of the Law to the Facts

### A. Knowing Misrepresentation

▮ Either one is in bankruptcy, or one is not. The question may easily be resolved by consulting the records of the pertinent court. This Court has previously addressed the question of how a lawyer who represents a debtor who has filed bankruptcy might communicate that fact to a creditor. *In re Briskey,* 258 B.R. 473 (Bankr.M.D.Ala.2001). At a minimum, the lawyer making the communication on behalf of the debtor should provide the name of the Court, the name of the debtor, the date of filing and the case number. *Id.* at 479. The October 10, 2003, letter from Lee was deficient in this regard as it stated only that Stutts was in bankruptcy, without providing additional information as to the court in which the case was filed, the case number and date of filing. In response to Lee's October 10 letter, Ingrum wrote to Lee on October 30, 2003, requesting specific information as to the particulars of Stutts alleged bankruptcy filing.[2] (Doc. 48). Lee did not respond to Ingrum until his letter of December 31, 2003, wherein Lee criticized Ingrum for filing a motion to compel and stated that he no longer represented the Defendants.[3] (Doc. 48, Ex. E). Lee's December 31, 2003, letter did not provide any further information regarding the bankruptcy filing. Having carefully considered the surrounding circumstances, having heard Lee in open Court, having observed his demeanor, and having considered his past dealings with this Court, the Court finds

---

**2.** The determination of whether a party has filed bankruptcy, when the supporting information is not given, is a more difficult task than it might at first appear. The venue rules in bankruptcy are notoriously loose. 28 U.S.C. § 1408. Moreover, venue is not jurisdictional. Therefore, a bankruptcy case filed in an improper district still gives rise to the automatic stay. 11 U.S.C. § 362(a). In theory, a debtor might file a petition in bankruptcy in any of the 93 districts in the United States. In practice, a businessman with property and business interests might logically claim that venue is proper in any number of districts. Because the Defendants in this case ignored the Plaintiff's interrogatories, the Plaintiff would not know where to begin to look after exhausting the most obvious choices of the Middle District of Alabama and the Middle District of Georgia.

**3.** Lee's December 31, 2003, letter appears to be false in at least two respects. First, Lee's statement that he is no longer representing the Defendants is false. Lee had not moved to withdraw his appearance. Second, this Court had not dismissed this Adversary Proceeding. The case was closed for statistical purposes, however, this has no effect on the validity of the judgment or the Defendants' obligation to respond to interrogatories. The Court would note that the Clerk does not give notice to the parties ·of a statistical case closing, as it has no effect upon their rights. The only way Lee could have learned of this is by monitoring the Court's docket. Thus, while Lee was ignoring interrogatories, a motion to compel and a hearing on the motion to compel, he was carefully monitoring the Court's docket.

that Lee knowingly misrepresented that his client Steve Stutts was in bankruptcy.

### B. Materiality of the Misrepresentation

■ Lee claims that he does not practice regularly in bankruptcy court and therefore did not understand that his statement concerning Stutts' bankruptcy filing was in any way material. There are two responses to this claim. First, given the facts of this case, Lee's claim that he did not understand the materiality of the statement is false. He knew that the statement was material. Indeed, the statement was calculated to harass and delay the Plaintiff's efforts. Second, Rule 4.1(a) does not require that the lawyer making the statement know that it is material, rather all he must know is that the statement is false. One may not properly defend a charge under Rule 4.1(a) by taking the position that he knowingly made a false statement as to a material fact, but that he did not know that the statement was material.

Lee's statement was made in an effort to thwart the Plaintiff's attempt to conduct post judgment discovery. Had Stutts in fact have filed bankruptcy, any efforts to conduct post judgment discovery would have been stayed. 11 U.S.C. § 362(a)(2). Moreover, had Stutts in fact been in bankruptcy, Ingrum's acts of serving interrogatories and filing a motion to compel would have been in violation of the automatic stay. *Id.* As Lee is well aware, a willful violation of the automatic stay may make one liable for actual and punitive damages. *Smith v. Homes Today,* 296 B.R. 46 (Bankr.M.D.Ala.2003) (Lee was counsel of record for the Defendants and tried the adversary proceeding in which the Plaintiff was awarded damages in the amount of $58,183.91). By making the statement in his October 10, 2003, letter, Lee intentionally placed Ingrum on the horns of a dilemma. On the one hand, if Ingrum proceeded with collection in violation of the automatic stay, he would be potentially liable for damages. On the other hand, by delaying action, he may have prejudiced his client's interests. Lawyers who claim falsely that their client is in bankruptcy, in an effort to delay collection activity, harm the orderly administration of the bankruptcy process as much as those who willfully violate the automatic stay by taking collection action in violation of the automatic stay.[4]

The bankruptcy system depends upon the integrity and good faith of those lawyers who practice bankruptcy law. More than one and one-half million bankruptcy cases are filed every year. In almost every case, the debtor has multiple creditors, sometime hundreds or even thousands of creditors, all of whom are affected in some way by the automatic stay. Counsel acting diligently and in good faith should be able to determine the effect of the automatic stay in the vast majority of instances without resorting to the Bankruptcy Courts for guidance. If lawyers were routinely to misrepresent that their clients were in bankruptcy in order to gain the benefits of the automatic stay without actually filing bankruptcy, the system would become unworkable. Creditors would become reluctant to stop vehicle repossessions, foreclosures, garnishments and the

---

4. *See, e.g. In re Morse,* 264 Kan. 286, 954 P.2d 1092 (1998) (lawyer who falsely advised client and counsel for client's creditors that bankruptcy petition had been filed violated duties of diligence and communication and would be subject to two years of probation); *Kentucky Bar Association v. Devers,* 936 S.W.2d 89 (Ky.1997) (attorney guilty of counts including false statement that client was in bankruptcy would be subject to three year suspension).

like based upon the mere word of a lawyer. It is crucial to the operation of the bankruptcy system that lawyers tell the truth about bankruptcy filings. When, as in this case, a lawyer is not honest and when the dishonesty concerns material facts, sanctions may be imposed. The Court finds that Lee has violated both Rule 3.4(a) and Rule 4.1(a) of the Alabama Rules of Professional Conduct and that a monetary sanction should be imposed.

### C. The Amount of the Sanction

■ The imposition of sanctions should accomplish several ends. First, it should be designed to punish the individual who has committed the violation. Lee has been practicing law for 18 years and appears to be an experienced litigator. His aggressive, scorched-earth approach to litigation is calculated and intentional. He has not been candid with this Court in the past.[5] Lee has been hostile and antagonistic with opposing counsel and has been disparaging of the Plaintiff. The misrepresentation for which Lee is to be sanctioned is not an isolated instance, but rather the culmination of a pattern of uncollegial, rude and now unethical conduct.

A second aim is to deter like conduct in others. Counsel should not be permitted to reap a competitive advantage over other lawyers by engaging in unethical conduct. Monetary sanctions imposed should be in an amount which is sufficient to deter counsel from violating the Rules of Professional Conduct in the future.

At the February 6, 2004 hearing, the Court advised counsel that it was considering the imposition of a monetary sanction in the amount of $1,500.00. Counsel objected, contending that his conduct did not violate the Rules. Counsel did not argue that the amount was excessive or that in light of his circumstances an award in that amount was unjust. The Court would note that its presumptive fee award in a Chapter 13 case is $1,600.00, which is approximately equal to the sanction imposed in this instance.[6] In other words, if Lee regularly practiced bankruptcy law in this Court, he would in effect be required to work one Chapter 13 case for free. In light of the Court's general knowledge of the fees charged by lawyers, the presumptive fee for Chapter 13 cases in this Court and the fact that Lee did not complain of the amount of the sanction, instead limiting his objection to its imposition, the Court finds that a sanction in the amount of $1,500.00 is appropriate.

### IV. Lee's Motion to Alter, Amend or Vacate

On February 5, 2004, Lee moved the Court to vacate its order of January 15, 2004, requiring him to appear and show cause why sanctions should not be imposed. (Doc. 55). The Court was not aware that Lee had filed that motion at the time of the February 6, 2004, hearing. In that motion, Lee takes the position that his representation of the Defendants terminated upon entry of the judgment. Lee did not, and indeed has not as of this date, moved to withdraw his appearance on behalf of the Defendants. It is a well accepted practice that counsel of record must seek leave of court to withdraw their appearance. Local Rule 83.1(e), United States District Court for the Middle District of Alabama; *Glassroth v. Houston*, 299 F.Supp.2d 1244, 1245–47 (M.D.Ala.

---

5. *Smith v. Homes Today*, 296 B.R. 46, 59–63 (Lee repeatedly flouted orders of the Court and made misrepresentations to the Court concerning his absence at a scheduled pre-trial conference).

6. *See* this Court's Standing Order dated July 31, 2003.

2004). Lee is counsel of record in this Adversary Proceeding until such time as the Court either grants him leave to withdraw, or terminates his representation on its own motion. The motion to alter and amend is DENIED.

The Court will construe Lee's motion to alter and amend as one to withdraw his appearance. Lee has filed several affidavits in support of his motion. (Docs. 51, 52 and 53). The Court will GRANT Lee leave to withdraw his appearance, except that it will retain jurisdiction over his person for two reasons: (1) the Court will supervise collection of the sanctions imposed; and (2) the Court will retain jurisdiction over Lee to permit the Plaintiff to collect attorney's fees imposed against Lee in his individual capacity. Therefore, Lee's obligation to represent the Defendants is at an end; however, the Court will retain jurisdiction over Lee until he meets his obligations to pay Plaintiff's attorney's fees and the monetary sanctions imposed by the Court.

### V. Conclusion

Lawyers who practice in this Court are subject to the Alabama Rules of Professional Conduct and subject to the discipline of this Court for violations. A lawyer who states that his client is in bankruptcy, knowing that he is not, and for the purpose of thwarting post judgment collection activity commits a violation of the Rules for which a sanction should be imposed. Under the facts of this case, the Court finds that a monetary sanction in the amount of $1,500.00 is appropriate. The Court will enter a separate order on the imposition of the sanction.

### FINAL ORDER ON SANCTIONS

For this reasons set forth in this Court's Memorandum Decision of this date, a monetary sanction is imposed against Daniel W. Lee in the amount of $1,500.00, for his violations of the Alabama Rules of Professional Conduct. This amount shall be paid to the Clerk of this Court within 30 days of the date of this order. It is further ORDERED that Lee's Motion to Alter, Amend or Vacate (Doc. 55) is DENIED. It is further ORDERED, that the Clerk of this Court shall send a copy of this Order and the related Memorandum Decision to the Georgia State Bar for such action as it may find appropriate.