In re **DEBTOR'S ATTORNEY FEES IN CHAPTER 13 CASES.**

**No. 07–MP–00002–MGW.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 31, 2007.
As Amended Sept. 19, 2007.

---

### ORDER ESTABLISHING PRESUMP-
### TIVELY REASONABLE DEBTOR'S
### ATTORNEY FEE IN CHAPTER 13
### CASES

PAUL M. GLENN, Chief Judge,
MICHAEL G. WILLIAMSON, K.
RODNEY MAY and CATHERINE
PEEK McEWEN, Bankruptcy Judges.

This order sets forth the procedures that will generally be followed by the judges of the United States Bankruptcy Court for the Middle District of Florida,

---

1. All references herein to a "section" shall mean a section of the Bankruptcy Code.

2. Such a fee is also sometimes referred to by courts as a "no-look" fee, but this label does

Tampa Division ("Tampa Division Judges" or "Court"), with respect to the attorneys' fees to be routinely allowed without a fee application and supporting time records for attorneys representing chapter 13 debtors in cases before the Tampa Division Judges.

*Procedural Background*

Sections 329 and 330 of the Bankruptcy Code, Title 11, United States Code,[1] permit the Court to determine the reasonable value for services provided by the attorney for the debtor in a chapter 13 case. In this regard, the Tampa Division Judges have generally followed the procedures ("*Newman* Procedures") set forth in the case of *In re Newman,* 2003 WL 751327 (Bankr.M.D.Fla. February 18, 2003) ("*Newman*"), which establishes a presumptively reasonable fee to be allowed debtor's counsel and also the requirements for the allowance of such fee. *Newman* recognizes, however, and this order reaffirms, that any attorney may choose not to charge and seek an award of a presumptively reasonable fee and may instead file a traditional fee application, which will be reviewed by the Court using the lodestar approach and the factors set forth in section 330 and in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).

The utility of a presumptively reasonable fee, also called a precalculated lodestar amount[2], is well described in *In re Cahill,* 428 F.3d 536 (5th Cir.2005). A presumptively reasonable fee

> ... address[es] the need for both efficiency and flexibility in handling the large number of Chapter 13 cases that bankruptcy courts ... review each

---

not do justice to the advance scrutiny that the fee is accorded by courts in determining its presumptive reasonableness.

year.... This [presumptively reasonable fee] aids bankruptcy courts in disposing of run-of-the-mill Chapter 13 fee applications expeditiously and uniformly, obviating the need for bankruptcy courts to make the same findings of fact regarding reasonable attorney time expenditures and rates in typical cases for each fee application that they review.
. . .

[A presumptively reasonable fee] anticipates that bankruptcy courts evaluating traditional fee applications will continue to analyze and adjust fee applications on a case-by-case basis using the lodestar analysis and flexible *Johnson* factors, ensuring that the lodestar amount in an atypical case will be adjusted to reflect the specifics of that case. This approach strikes the proper balance between the need for efficient disposal of attorneys' fee applications and the need for a flexible approach that provides for adjustment of the lodestar when necessary.

*In re Cahill,* 428 F.3d at 540–41 (footnotes and citations omitted); *see also In re Eliapo,* 468 F.3d 592, 598 (9th Cir.2006) (describing the "virtues" of a presumptively reasonable fee); *In re Howell,* 226 B.R. 279 (Bankr.M.D.Fla.1998) (standardized fee provides simplicity, efficiency, economy, and certainty); *cf. Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (noting that "[a] request for attorneys' fees should not result in a second major litigation"). Indeed, many bankruptcy courts throughout the nation have established presumptively reasonable fees. *See, e.g.,* cases cited above and in *Newman* and *In re Williams,* 357 B.R. 434, 439 n. 3 (6th Cir. BAP 2007); *In re Chapter 13 Fee Applications,* 2006 WL 2850115 (Bankr.S.D.Tex. October 3, 2006); *In re Murray,* 348 B.R. 917 (Bankr.

M.D.Ga.2006); *In re Walker,* 319 B.R. 917 (Bankr.S.D.Ga.2004); *In re Smith,* 306 B.R. 5 (Bankr.M.D.Ala.2004) [3].

As a result of additional requirements contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the passage of time, and efficiencies in the administration of chapter 13 cases created by the Court over the last several years, the Tampa Division Judges determined that it was appropriate to review their current procedures with respect to the presumptively reasonable fee for the attorneys for debtors in chapter 13 cases. Accordingly, by administrative order of May 2, 2007, ("May 2nd Order") the Tampa Division Judges solicited written comments from members of the public and the bar with respect to the services required of the attorney for the debtor in a chapter 13 case in the Tampa Division of this Court, including the type, nature, and extent of the legal services necessary to adequately represent a chapter 13 debtor, the requisite skill level inherent in such services, whether some of such services can be performed by a paralegal or other non-attorney staff of the attorney for the debtor, the amount of time reasonably necessary to perform such services, an appropriate hourly rate for the professional performing such service, and the reasonableness of the overall fee to be charged by the attorney for the debtor in a chapter 13 case. In addition, the Court requested input with respect to the timing of the payment of such fees and the priority of payments to be made by the debtor towards the attorney's fee in the Chapter 13 Plan.

The May 2nd Order was served on approximately 800 attorneys who are registered users of the Court's electronic filing

---

**3.** *See also* "Post Your No–Look Chapter 13 Fees Here," http://cwe.nacba.org/tiki-index.php?page=Post% 20Your% 20NoLook% 20 Chapter% 2013% 20Fees% 20Here (hard copy on file with Court; website available only to subscribers).

system, representing most, if not all, of the attorneys who regularly appear before the Tampa Division Judges in the representation of chapter 13 debtors and secured and unsecured creditors. In response, numerous attorneys filed papers with the Court indicating an interest in being heard with respect to the issues raised by the May 2nd Order. In addition, the Court appointed an attorney to serve as attorney *ad litem* to represent the interests of unknown future chapter 13 debtors ("Attorney *Ad Litem*").

A full-day evidentiary hearing ("Hearing") was conducted on July 13, 2007, with respect to the issues raised by the May 2nd Order and the responses thereto. During the Hearing, the Court sitting *en banc* heard from many attorneys who regularly represent chapter 13 debtors and secured and unsecured creditors, the two standing chapter 13 trustees assigned to the Tampa Division, a representative of the office of the United States Trustee, an experienced bankruptcy paralegal, and the attorney for the Attorney *Ad Litem*. In addition, the Court considered 17 exhibits comprising hourly rate surveys, orders approving fee applications in typical and complex chapter 13 cases, time records, comparisons of legal services required pre- and post-BAPCPA, surveys of similar fees in other states and of how fees are paid in other states, and other statistical information.

Having considered the proffers, testimonial and documentary evidence, and the arguments made by all parties at the Hearing, it is the conclusion of the Tampa Division Judges that it is appropriate at this time to modify *Newman* Procedures as set forth below.

### Modified Newman Procedures

The *Newman* Procedures and the rationale as well as the terms and conditions under which attorneys representing chapter 13 debtors are allowed a presumptively reasonable fee ("Presumptively Reason- able Fee") shall continue to apply to chapter 13 cases filed before the Court with the following modifications:

1. The Presumptively Reasonable Fee for cases filed after the entry of this order is increased as follows:

   a. For plans of a duration of 36 months or less: $3,300;

   b. For plans of a duration of 60 months: $3,600.

   c. For plans of a duration between 36 and 60 months: the prorata portion of $300 ($3,600–$3, 300) based on the months in excess of 36 divided by 24, plus $3,300. For example, for a 48–month plan, the additional fees will be: $300X (48–36)/24 or $300X12/24=$150, for a total of $3,450.

2. The "soup to nuts" approach to services to be provided as mandated by *Newman* is modified to allow a limited list of "*a la carte*" matters for which an attorney may be compensated as an administrative expense to be paid under the terms of the confirmed plan. These items are limited to the following matters ("*a la carte* items") for which a fee of $250 if no hearing is required or $350 if a hearing is held will be allowed as an addition to the Presumptively Reasonable Fee:

   a. Motions for reconsideration of an order dismissing the case;

   b. Motions to amend or modify plan;

   c. Motions for approval of sale or refinancing;

   d. Motions to approve settlements of any causes of action, such as, for example, personal injury or a workers' compensation claim;

   e. Motions to approve early termination of chapter 13 plan; and

   f. Motions to impose the stay pursuant to section 362(c)(4).

The additional fee may be requested in a motion meeting the description of any of the *a la carte* items. The Court may then include in the order on the motion an award of the presumptively reasonable fee for the · services in connection with the motion.

3. A fee of $250 will be allowed in addition to the Presumptively Reasonable Fee if non-Florida exemptions apply to the debtor.

4. Other than the *a la carte* items and the application of non-Florida exemptions, all services rendered by the debtor's attorney and expenses incurred in connection therewith, except the expenses noted below in this paragraph, from the beginning of the representation through 36 months after the date of the order confirming the plan shall be fully compensated by the base Presumptively Reasonable Fee. An attorney may collect an additional amount for the following expenses: any statutory filing fee and any fee charged by a third-party provider for the debtor's most recent credit report, for credit counseling, and the education course required by BAPCPA.

■ 5. If an extraordinary matter ("Extraordinary Matter") arises during the course of the representation of the debtor, then the attorney, conditioned on the debtor's agreement, may also apply for separate compensation for the Extraordinary Matter based on contemporaneously kept time records and the lodestar method discussed in *Newman.*

■ 6. After the petition is filed, a debtor's attorney may not request cash or in any way condition providing any services to the debtor on a cash payment for any post-petition services, including for the *a la carte* items and any Extraordinary Matter. Payment of the fees for such services shall be limited to the allowance of an administrative expense to be paid by the chapter 13 trustee pursuant to the order confirming the plan or other order of the court.

7. Paragraph 6(e) and (f) of the Court's form order establishing the debtor's duties and routinely entered in every chapter 13 case shall be amended to read [4]:

(e) The portion of the plan payments to the Trustee that are allocated to post-petition contractual payments to secured creditors, as described in subparagraphs (c) and (d) above and to holders of allowed administrative claims shall be accumulated and held in trust by the Trustee for the benefit of the respective secured and administrative expense creditors (the "Trust Funds"). If the debtor's attorney seeks no more in compensation than the Court's Presumptively Reasonable Fee and additional fees as approved in the Court's Order Establishing Presumptively Reasonable Debtor's Attorney Fee in Chapter 13 Cases. Misc. Pro. 07–02. August 31, 2007, then such fee is hereby deemed to be an allowed administrative expense for purposes of entitlement to Trust Funds. The Trustee shall disburse the accumulated Trust Funds to the respective secured creditors and administrative expense creditors by not later than the occurrence of the first of the following events:

(1) Confirmation of a Plan;

(2) Dismissal of the case; or

(3) Notwithstanding the provisions of Section 726(b), conversion of this case to a case under another chapter of the Bankruptcy Code.

The plan's allocation of the debtor's attorney's fee for Trust Funds purposes may not exceed $500 per month.

If a plan payment is insufficient to pay 100 percent of the plan's monthly alloca-

**4.** The underlined text indicates additions to the current language in the order.

tion to the secured creditors and administrative expense creditors, the payment shall be prorated among all creditors having an entitlement to Trust Funds. (f) Notwithstanding the provisions of subparagraph (e) (1)-(3) above. . . .

These changes clarify that the unpaid portion of any Presumptively Reasonable Fee and any addition thereto established by this order are deemed to be allowed administrative expenses without application or further order of the Court[5] and the holder thereof (i.e., the chapter 13 debtor's attorney) is thus entitled to a prorated portion of the Trust Funds in the event of a partial pre-confirmation plan payment.

■ 8. Payments to be made pursuant to the confirmed chapter 13 plan to unsecured priority and non-priority creditors (other than priority creditors with claims falling within section 507(a)(2)) and the commencement of the equal monthly payments to be paid to holders of secured claims pursuant to section 1325(a)(5)(iii)(I) shall be deferred and shall not commence until all attorneys fees allowed to the debtor's attorney and entitled to priority under sections 507 and 1326(b)(1) shall have been paid in full; provided however, until such time, the holder of a lien on a motor vehicle shall be paid monthly at the rate of 50 percent of the monthly payment provided in the chapter 13 plan on account of such lien, at the same time that a monthly payment is made toward payment of attorneys fees. To the extent that fees are awarded for the performance of *a la carte* items performed after commencement of payments to unsecured creditors, such payments shall be suspended when additional fees are awarded and such fees shall

be paid in full before payments to unsecured creditors are recommenced.

9. The amounts to be allowed under the terms of this order shall be readjusted utilizing the methodology set forth in section 104(b) for cases filed on or after the effective date of the adjustment under section 104(b).

■ 10. If a chapter 13 case is dismissed before the debtor's completion of all plan payments, any party in interest may request the Court to examine the fees paid to the attorney for the chapter 13 debtor and require disgorgement of any portion deemed to be excessive. Further, the dismissal of a chapter 13 case prior to the completion of the plan is without prejudice to any party in interest to seek any remedy available under applicable non-bankruptcy law. In order to provide the debtor and other parties in interest notice of the right to seek an examination of the fees paid, the order dismissing the case shall include a provision informing them of that right.

*Effect of Presumptively Reasonable Fee*

■ 11. Establishment of the Presumptively Reasonable Fee and the additions noted above does not inalterably "fix" the reasonableness of the fee a chapter 13 debtor's lawyer may charge. The use of a Presumptively Reasonable Fee merely obviates the need for an attorney, in most cases, to keep contemporaneous time records, file a fee application, and attend a hearing on the fee application when requesting the Presumptively Reasonable Fee. However, the use of the Presumptively Reasonable Fee does not deny the debtor or any other party in interest the right to object to the Presumptively Reasonable

---

**5.** Attorneys fees of a chapter 13 debtor's attorney are entitled to administrative expense status under section 503(b)(2) because that subsection by its terms applies to "compensation and reimbursement under section 330(a)," and section 330(a)(4)(B) permits the Court to allow reasonable compensation to the attorney for a chapter 13 debtor. See also *In re Randolph*, 2001 WL 1223139 *8 (Bankr. N.D.Ind. September 20, 2001).

Fee in a particular case. In such a case, the objecting party will have the burden of rebutting the reasonableness of the Presumptively Reasonable Fee. In other words, an attorney who attempts to realize the benefits of the Presumptively Reasonable Fee does so at his or her peril if someone objects, as the attorney may not have kept supporting, contemporaneous time records. Consistent with the directive of *Newman*, the Court reaffirms that in order to provide the debtor and other parties in interest notice of the right to object to the Presumptively Reasonable Fee, the order confirming the chapter 13 plan shall contain a provision awarding the Presumptively Reasonable Fee and providing ten days for the filing of an objection to the award. Absent objection, the Presumptively Reasonable Fee shall be paid in the manner described herein.

12. It is the hope and expectation of the Court that the post-confirmation payment priority accorded herein to the attorney fee for the chapter 13 debtor's attorney will encourage attorneys to accept cases in which the debtor cannot afford a substantial pre-petition retainer. If the Court's expectation is realized, the payment priority should result in increased access to the Court by those who cannot afford the relatively expensive upfront cost of filing a chapter 13 case.

13. **This Court's establishment of a Presumptively Reasonable Fee does not mean that a chapter 13 debtor's attorney cannot agree to represent debtors for a lower fee. The Court urges attorneys to do so in appropriate cases when circumstances suggest that the result will be a less substantial expenditure of the attorney's time.**

DONE and ORDERED.