In re **FRANKLIN SAVINGS CORPORATION,**
Debtor.

**Bankruptcy No. 91–41518–11.**

United States Bankruptcy Court,
D. Kansas.

June 15, 1994.

---

R. Pete Smith and Jonathan A. Margolies, McDowell, Rice & Smith, Kansas City, MO, for debtor.

Michael J. Belfonte and Erlene W. Krigel, Krigel & Krigel, P.C., Kansas City, MO, for Resolution Trust Corp.

Margin Jefferson Davis, Washington, DC, and Joann E. Corpstein, Overland Park, KS, for Office of Thrift Supervision.

Jeffrey W. Rockett, Wichita, KS, for U.S. Trustee.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

Debtor Franklin Savings Corporation appears by its attorneys, R. Pete Smith and Jonathan A. Margolies of McDowell, Rice & Smith, Kansas City, Missouri. The Resolution Trust Corporation ("RTC") appears by its attorneys, Michael J. Belfonte and Erlene W. Krigel of Krigel & Krigel, P.C., Kansas City, Missouri. The Office of Thrift Supervision ("OTS") appears by its attorneys, Martin Jefferson Davis of Washington, D.C. and Joann E. Corpstein of Overland Park, Kansas. The United States Trustee, John E. Foulston, appears by his attorney, Jeffrey W. Rockett.

Franklin Savings Corporation filed its Application of Debtor for Authority to Employ Special Counsel ("Application") on July 28, 1993. The Application requests authority to employ the law firms of Rouse, Hendricks, German, May & Shank, P.C. ("Rouse Firm") and Sidley & Austin as special counsel to assist debtor with an appeal from the District Court to the Tenth Circuit Court of Appeals.

The appeal involves whether debtor is liable for $122,019.60 of costs incurred by OTS in what the parties refer to as the "OTS litigation," to wit: *Franklin Savings Corporation v. Office of Thrift Supervision,* Case No. 90–2054–S (D.Kan), Case No. 90–3272 (10th Cir.). In this case, Franklin Savings Corporation sued to reverse an OTS order placing Franklin Savings Association under conservatorship as authorized by FIRREA.

Following a successful appeal to the Tenth Circuit Court of Appeals in the "OTS Litigation," OTS filed a bill of costs with the Clerk of the District Court. The Clerk taxed the costs against Franklin Savings Corporation. The District Court then reviewed the Clerk's action and found that the Tenth Circuit's ruling in the conservatorship appeal entitled OTS to the costs. However, since the Tenth Circuit ruling was issued before the debtor filed this bankruptcy case, the District Court ruled that OTS's actions had violated the bankruptcy automatic stay. Because OTS had failed to obtain relief from the stay, the District Court decided that OTS had waived its right to the costs. This decision was entered on January 21, 1993; the OTS filed a Notice of Appeal from the ruling on March 17, 1993. Hence, debtor wants to employ special counsel to handle this "taxed cost" appeal.

Although not indicated in its caption, the Application requests that the firms be employed nunc pro tunc as of the date of the filing of the Notice of Appeal on March 17, 1993, some two months before the filing of the Application. Under D.Kan.Bk.Rule 9004.1, the nunc pro tunc nature of the Application should have been included in the pleading caption.

The RTC filed a limited objection to the Application on August 6, 1993. While it did not object to the employment of the firms per se, it did oppose paying the firms with tax refund monies that RTC claimed to own. The ownership of the tax refund monies has been the focal point of this bankruptcy case. Since the filing of the RTC's response, this Court has ruled that the tax refund monies are property of the bankruptcy estate and has denied the RTC's request for a stay of the use of the tax refund monies pending the outcome of RTC's appeal of the tax refund decision. In denying the request for stay, the Court allowed the debtor to use the tax refund monies for the payment of professionals, subject to certain limitations. The RTC's objection is now moot and does not require a ruling.

The OTS objected to the Application on August 26, 1993, stating that Sidley & Austin should not be employed, nunc pro tunc or otherwise. Apparently, Sidley & Austin represented the debtor as special counsel in petitioning the Supreme Court for a writ of certiorari in the OTS litigation. However, Sidley & Austin concluded its representation of the debtor before the taxation of costs became an issue. The OTS further points out that the debtor had already filed its one and only brief as appellee in the "taxed cost" appeal by the time it filed its Application here on July 28, 1993.

The United States Trustee filed his objection to the Application on August 27, 1993, complaining that there were no "extraordinary circumstances" alleged to justify appointing the firms nunc pro tunc. He also complains that debtor failed to follow D.Kan. Bk.Rule 9004.1. by omitting the words "nunc pro tunc" from the caption of the Application, thereby obscuring its true nature.

Franklin Savings Corporation filed an omnibus response on September 13, 1993, directed at the objections of both the OTS and the United States Trustee. In this pleading (debtor raises other points in a subsequently filed Motion to Strike), debtor claims that the OTS objection should fail because it amounts to an interference with the debtor's right to choose its own counsel, and that the Court should overrule the United States Trustee's objection to avoid an inequitable result.

After filing its Application, debtor issued a Notice With Opportunity for Nonevidentiary Hearing on Application of Debtor for Authority to Employ Special Counsel filed August 6, 1993. The notice stated that if objections to the Application were filed on or before August 26, 1993, a non-evidentiary hearing would be held on September 14, 1993.

Although such objections were timely filed, the September 14, 1993, hearing did not occur because on August 30, 1993, Martin Jefferson Davis of the OTS filed a motion for continuance of the hearing. The motion states that counsel for the debtor had no objection to the continuance. The Court granted the continuance by order dated September 1, 1993, continuing the hearing to October 4, 1993.

On October 4, 1993, the debtor appeared at the hearing and filed a Motion to Strike the

Objections to Debtor's Application for Authority to Employ Special Counsel directed at the positions of the OTS and the United States Trustee. Paragraph 4 of the motion sets out D.Kan.Bk.Rule 2014.1B which appears under the caption "Application for Employment Of Professionals."

**B. Objection of United States Trustee.** The United States Trustee shall have fifteen days after the filing of such an application [to employ] in which to file any objections to the application with the court. The trustee, debtor or committee shall have fifteen days after the filing of any objections to file an answer or response and serve such upon the United States Trustee. The United States Trustee shall have ten days after the filing of the response by the trustee, debtor or committee in which to file either: (1) a statement that the response is adequate and the objection is withdrawn; or (2) a statement that the response is inadequate and requesting an evidentiary hearing. The United States Trustee's failure to file an objection to the application or to file a statement after the trustee, debtor or committee has made a response, shall be deemed a waiver of any objection and the court may forthwith enter an Order approving the employment of the professional person.

Under this rule, the United States Trustee has 15 days from the filing of an application to employ counsel to file and objection to the application. The debtor then has 15 days to answer or respond. If the debtor answers or responds, the United States Trustee has 10 more days within which to file a statement either withdrawing his objection or asking for an evidentiary hearing. If the United States Trustee fails to file a statement, his objection is deemed waived.

■ In its motion to strike, the debtor argues that because neither the OTS nor the United States Trustee filed a statement within 10 days of the debtor's responses to their objections, they have waived their objections. The OTS's reply to the motion to strike points out that the express language of D.Kan.Bk.Rule 2014.1B makes it applicable to the United States Trustee only. The rule does not apply to the OTS; therefore, the debtor's motion to strike OTS's objection is overruled.

■ The United States Trustee's reply to the Motion to Strike is two-fold. First, he argues that his objection to the Application filed August 27, 1993, satisfies the language of D.Kan.Bk.Rule 2014.1B. Second, he contends that the Notice of Non-evidentiary Hearing which debtor served with the Application eliminated any need for compliance with D.Kan.Bk.Rule 2014.1B. The Notice provided that if objections were filed, a hearing would be held on September 14, 1993. Debtor agreed to continue the September 14, 1993, hearing to October 4, 1993, since it made no objection to the motion or the order for continuance.

Local Rule 2014.1B of the United States Bankruptcy Court for the District of Kansas was originally intended as a procedure to permit the United States Trustee to review an application for the appointment of debtor's counsel in Chapter 11 cases and either acquiesce or object. However, the wording of the rule does not limit it to cases under Chapter 11. The rule is designed to allow the United States Trustee to examine counsel's affidavit of disinterestedness and lack of conflict of interest and, if necessary, to move the matter to a hearing as quickly as possible.

The type of notice used by the debtor in this instance, one which automatically set the Application for hearing if objections were filed, made it unnecessary for the United States Trustee to file a statement under D.Kan.Bk.Rule 2014.1B requesting hearing. It is well known by both debtor's counsel and the United States Trustee that the procedure used by the debtor is available to all counsel. The notice places the pleading on the Court's non-evidentiary docket if objections are filed. The Court then deals with the problem or sets it for evidentiary hearing if necessary. Having followed this procedure, debtor cannot now be heard to rely on D.Kan.Bk.Rule 2014.1B.

The debtor's motion to strike the United States Trustee's objection to the Application is denied.

■ Even if the United States Trustee's objection were considered waived, the Court is under no obligation to approve an application requesting appointment of a professional nunc pro tunc without first considering the merits of the application.

■ Appointment nunc pro tunc is "only appropriate in the most extraordinary circumstances. Simple neglect will not justify nunc pro tunc approval of a debtor's application for the employment of a professional." *In re Land,* 943 F.2d 1265, 1267–68 (10th Cir.1991) (citation omitted).

In response to the United States Trustee's objection that no "extraordinary circumstances" were pled, the debtor stated:

> The *Martin* court [102 B.R. 653 (Bankr. W.D.Tenn.1989)] accordingly held that a *nunc pro tunc* application should be granted where "the denial of [the] application, with its concurrent denial of reasonable fees and expenses, would … have the effect of granting a windfall benefit to the estate." *Id.* The present case meets this criterion. Sidley & Austin and Rouse, Hendricks have· diligently pursued the Costs Appeal in an effort to save the estate from paying OTS's $122,019.60 in litigation costs. This effort directly benefits the United States Trustee in its role as guardian of the interests of the unsecured creditors. The United States Trustee has not questioned the importance or quality of this work, nor could he. This Court's equitable power to grant an employment application *nunc pro tunc* should be exercised to avoid an inequitable result. *See Martin,* 102 B.R. at 657. …

(Response to Objections to the Application of Debtor for Authority to Employ Special Counsel filed by debtor on September 13, 1993, at 5.)

The Martin decision is misquoted in the pleading. The decision states, "[T]he denial of a *nunc pro tunc* application, with its concurrent denial of reasonable fees and expenses, would *not* have the effect of granting a windfall benefit to the estate." 102 B.R. at 657 (emphasis added).

■ While *Martin* considers whether denial of the application would result in a wind-fall benefit to the estate, this is but one of a dozen factors it considers in granting a nunc pro tunc application. The *Martin* court denied the application and stated, "[T]here has not been a clear and convincing showing as to a satisfactory explanation for the failure of debtor's counsel to seek a timely approval of its employment on behalf of the debtor and no sufficient explanation has been given for the delay in filing for a *nunc pro tunc* application." *Id.* at 657–58.

The court further stated, "Especially when a debtor is represented by experienced bankruptcy counsel, an entitlement to a *nunc pro tunc* appointment is even more questionable." *Id.* at 656. Debtor's counsel are experienced bankruptcy attorneys and, in this case in particular, have met with several challenges regarding appointment and compensation of professionals.

Debtor's response does not suggest that "extraordinary circumstances" justify approval of the Application nunc pro tunc. Rather, it argues that the Application should be approved because (1) the Rouse Firm and Sidley & Austin provided valuable services to the debtor, (2) the importance and quality of these professionals' work has not been questioned, and (3) denial of the Application would result in a windfall to the estate.

■ No attempt is made to explain the delay in filing the Application for appointment of these firms. Rather, the debtor requests that the Court exercise its equitable powers and ignore the established legal standard of a showing of "extraordinary circumstances" for nunc pro tunc appointment. Valuable services furnished to the debtor, potential windfall benefit to the estate, and unquestioned work quality are not support for a finding of "extraordinary circumstances." Since the debtor has not offered any explanation or excuse for the delay, there is no basis for a finding that "extraordinary circumstances" exist to support an appointment nunc pro tunc.

The Application to employ the firms of Rouse, Hendricks, German, May & Shank, P.C., and Sidley & Austin is approved as of the date of the filing of the Application, July 28, 1993. However, the debtor's request that

the Application be approved nunc pro tunc to March 17, 1993, is denied.

This proceeding is core under 28 U.S.C. § 157. The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D.Kan.Rule 705).

IT IS SO ORDERED.