*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  10b0012n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:  ROSSINI M. ALDA AND | ) | |
| AMELIA A. ALDA, | ) | No. 10-8037 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 08-58713

Decided and Filed:  December 2, 2010

Before:  BOSWELL, FULTON, and McIVOR, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Joseph M. Romano, THE ROMANO LAW FIRM, Hilliard, Ohio, for Appellants.

_____

**OPINION**
_____

G. HARVEY BOSWELL, Bankruptcy Appellate Panel Judge.  In this appeal, Rossini and Amelia Alda ("Debtors") appeal the bankruptcy court's order denying their attorney's application for allowance of attorney fees and the court's order denying reconsideration of that order.  For the reasons that follow, we affirm the orders of the bankruptcy court.

1

## I. ISSUES ON APPEAL

The issues presented by this appeal are whether the bankruptcy court abused its discretion in denying the application for attorney fees of Debtors' counsel and in denying reconsideration thereof.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and the appellants did not elect to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). A bankruptcy court's order regarding attorney compensation is a final, appealable order. *In re Scarlet Hotels, LLC*, 392 B.R. 698, 701 (B.A.P. 6th Cir. 2008) (citing *Boddy v. U.S. Bankr. Court, W.D., Ky. (In re Boddy)*, 950 F.2d 334, 336 (6th Cir. 1991)). The bankruptcy court's order denying the appellants' motion for reconsideration is also a final, appealable order. *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008).

A bankruptcy court's award or denial of fees will not be reversed unless there has been an abuse of discretion. *In re Scarlet Hotels*, 392 B.R. at 701. The bankruptcy court's denial of the motion to reconsider its order denying Romano's application for attorney fees is also reviewed for an abuse of discretion. *In re J & M Salupo Dev. Co.*, 388 B.R. at 801. An abuse of discretion is established when the reviewing court is left with " 'a definite and firm conviction that the court below committed a clear error of judgment.' " *Mich. Division-Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008) (citation omitted). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL (In re Murray, Inc.)*, 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008) (quoting *Volvo Commercial Fin. LLC the Americas v.*

*Gasel Transp. Lines, Inc.* (*In re Gasel Transp. Lines, Inc.*), 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000).

## III.   FACTS

On September 11, 2008, Rossini and Amelia Alda ("Debtors") filed a petition for relief under chapter 13 of the Bankruptcy Code. On that same date, the Debtors filed their proposed chapter 13 plan. The Debtors were represented in their bankruptcy filing by Joseph M. Romano ("Romano").

The chapter 13 trustee and the City of Columbus filed objections to confirmation on January 15 and 22, 2009, respectively. The City of Columbus objected on the grounds that the Debtors had not filed all tax returns and tax reports due pre-petition. On August 11, 2009, a confirmation hearing was held. At the time of the hearing, the objection of the City of Columbus to confirmation remained unresolved. The bankruptcy court therefore denied confirmation and dismissed the case pursuant to 11 U.S.C. § 1307(c). In its dismissal order, the court ordered that applications for allowance of administrative expenses, including attorney fees, be filed within 10 days of the order.

On September 1, 2009, on behalf of the Debtors, Romano filed a motion to reinstate the Debtors' chapter 13 case on the grounds that they had resolved the objections to confirmation of the City of Columbus and the chapter 13 trustee. On December 14, 2009, the bankruptcy court entered an agreed order granting the Debtors' motion to reinstate their chapter 13 case. On January 25, 2010, the bankruptcy court issued an order confirming the Debtors' chapter 13 plan. That order included the following condition:

> **THE ATTORNEY FOR THE DEBTOR IS NOT ALLOWED ANY COMPENSATION IN THIS ORDER, AND SHALL FILE BY FEBRUARY 12, 2010, AN ITEMIZED FEE APPLICATION FOR ALL SERVICES AND EXPENSES, ALONG WITH A MEMORANDUM DETAILING WHY THIS CASE PENDED FOR MORE THAN A YEAR WITHOUT CONFIRMATION.**

(B. Ct. Docket #64 at 2.)

On February 5, 2010, the Debtors filed an objection to a claim of Americredit Financial Services, Inc. On February 18, 2010, Romano filed his Application for Allowance of Attorney Fees in the amount of $5,427.50 and expenses of $255.28. The application included detailed time entries from June 5, 2008 to January 21, 2010. It did not, however, include a memorandum detailing why the case pended for more than one year without confirmation. On March 26, 2010, the bankruptcy court issued an order denying the application, with prejudice, because it was not filed by February 12, 2010, and did not include a memorandum detailing why the case pended for more than one year without confirmation as required by the court's January 25, 2010, order.

On March 29, 2010, Romano filed a motion to reconsider the order denying the application for allowance of attorney fees. The motion for reconsideration asserted that, pursuant to Federal Rule of Civil Procedure 60(b), it was "excusable neglect" on the part of counsel to have not filed the fee application within the time frame ordered or to include the required memorandum. Romano explained that:

> [N]ot filing the fee application was an oversight on [Romano's] part. Rather, [Romano] examined the claims register to determine whether an objection to any claims would be filed prior to filing any fee applications. Only after filing an Objection to Claim 2 . . . did [Romano] file the fee application. Albeit, after this Court's deadline.
>
> Further, this case was only pending for one year since its filing, on September 11, 2008, because the case had been dismissed from August 11, 2009 to December 14, 2009 due to the Debtors' inability to resolve the objection of the City of Columbus. The inability to resolve said objection to confirmation was the reason for denial of confirmation and dismissal of the case. The objection was based on the Debtors' not filing certain [tax] returns. In the interim dismissal period, the Debtors' resolved the pending objection by filing the appropriate tax returns and, then, moved for reinstatement, which this Court granted.

4

(B. Ct. Docket # 77 at 1-2.) On May 13, 2010, the bankruptcy court denied the motion to reconsider because it determined that the motion did not assert sufficient basis to grant the request to reconsider the order denying the request for fees.

On May 24, 2010, the Debtors filed a timely notice of appeal of the bankruptcy court's order.

## IV. DISCUSSION

11 U.S.C. § 330(a)(1)(A) provides that professionals may be awarded "reasonable compensation for actual, necessary services rendered . . . ." Romano contends that the bankruptcy court abused its discretion by denying his fee application based on his failure to comply with the confirmation order and by not calculating the lodestar amount as mandated by the Sixth Circuit Court of Appeals in *Boddy*. In *Boddy*, the Sixth Circuit held that the bankruptcy court abused its discretion because it applied an improper legal standard, the "normal and customary" standard, rather than calculating the lodestar amount which is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *In re Williams*, 357 B.R. 434, 440 (B.A.P. 6th Cir. 2007) (citing *Boddy*, 950 F.2d at 337).

Federal Rule of Bankruptcy Procedure 2016 requires an attorney seeking compensation from the estate to file an application stating in detail the services rendered, the time expended, and expense incurred as well as the amount requested. Local Bankruptcy Rule for the Southern District of Ohio 2016-1(b) and (c) sets forth the content and form of the application required in the Southern District of Ohio. Local Rule 2016-1(b)(2)(B) provides that such an application must be filed "no later than sixty (60) days from the entry date of the confirmation order."

Romano's fee application complied with both Rule 2016 and Local Rule 2016-1(b) and (c). However, it did not comply with the language set forth in the bankruptcy court's confirmation order. Romano contends that because the court did not rule on the reasonableness of his fees, but rather denied his entire fee application based upon failure to comply with the confirmation order, the bankruptcy court abused its discretion. He argues that a reasonable person would not have "agreed with the decision of the bankruptcy court in denying the Application for Compensation *in toto* and with prejudice for the failure to have filed the Application for Compensation within 17 days of

5

Confirmation and without a Memorandum explaining why the case was pending for more than one year." (Appellant's Br. at 3.) Romano cites a handful of cases which he asserts support his position that no reasonable person could agree with the bankruptcy court's decision in this case because even in cases where error was committed by counsel courts have found that the complete denial of an application for compensation would be inequitable. While Romano is correct that some of the cases he cites rejected complete denial of fee applications, the cases he cites are nevertheless inapposite as not one of them deals with an attorney missing a deadline by which to file his fee application as the result of his own "oversight" and inadvertent actions. In fact, each of the cases cited by Romano is a chapter 11 case, not a chapter 13 case, and all deal with issues surrounding appointment of counsel for the debtor-in-possession.[1]

While Local Rule 2016-1 sets an outside deadline for an attorney to file his application, the bankruptcy court is not prohibited from setting an earlier deadline pursuant to its inherent authority to set deadlines. *See* 11 U.S.C. § 105(a); *see also e.g., Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940 (6th Cir. 2007) (Bankruptcy Code provision allowing creditors to join in involuntary petition up until "case is dismissed or relief is ordered" only established outside

---

[1]*See Laurent Watch Co. v. United States*, 539 F.2d 1231 (9th Cir. 1976) (court remanded case for consideration of whether nunc pro tunc order appointing counsel for chapter 11 debtor-in-possession should be entered where attorney's fee application was improperly denied on grounds that earlier Ninth Circuit case prohibited such an order); *Cle-Ware Indus., Inc. v. Sokolsky* (*In re Cle-Ware Indus., Inc.*), 493 F.2d 863 (6th Cir. 1974) (in case where bankruptcy court had approved separate counsel for chapter 11 debtor and debtor-in-possession, Sixth Circuit announced general rule that it would not approve practice of appointing and compensating separate counsel for debtor-in-possession and simultaneously compensating debtor's privately retained counsel for legal services rendered after filing of petition; applying rule prospectively while recognizing that application of new rule to attorneys in case before it would be unjust; remanding for determination of fees to be allowed for each set of attorneys and setting parameters for such determination); *Stolkin v. Nachman* (*In re Stolkin*), 472 F.2d 222 (7th Cir. 1973) (finding failure of attorney for chapter 11 debtor to secure appointment upon verified petition as required by rule did not preclude award of fees where, *inter alia*, all creditors were paid in full, substantial amount was left for debtor, and issue raised for first time on appeal); *In re Franklin Savings Corp.*, 169 B.R. 212 (Bankr. D. Kansas 1994) (denying request to approve application for appointment as counsel to chapter 11 debtor nunc pro tunc where application was not timely filed).

deadline by which creditors had to join in petition, and did not prevent bankruptcy court, in exercise of its case management authority, from establishing and enforcing earlier deadline). Additionally, in this Panel's opinion, the 18 days which the confirmation order gave Romano to file his fee application was not unreasonable when one considers that Federal Rule of Civil Procedure 54(d)(2)(B) provides that generally a motion for attorney fees shall be filed within 14 days after entry of judgment.

Moreover, denial of a fee application on the grounds that it is untimely, without review of the reasonableness of the fees, is not without precedent. *See*, *e.g.*, *Clendenin v. Burks*, No. C-1-07-059, 2007 WL 2029060 (S.D. Ohio July 10, 2007) (affirming bankruptcy court's denial of fee application on the basis that it was untimely). The Bankruptcy Court for the Southern District of Ohio amended its Local Rules effective December 1, 2009. Prior to that amendment, Local Rule 2016-1 did not specify the time for filing a post-confirmation fee application. However, in *In re Newman*, 270 B.R. 845 (Bankr. S.D. Ohio 2001), the bankruptcy court established a time bar, holding that fee applications should be submitted within 30 to 45 days following completion of the legal services rendered on a given issue. *Id*. at 848. Utilizing that time bar, the *Newman* court denied an attorney's fee application insofar as it sought compensation for services completed outside that time bar. *Id*. at 849.

In *Clendenin*, the bankruptcy court again applied the 30 to 45 day time bar to deny an attorney's fee application on the ground that it was filed untimely. The district court affirmed. *Clendenin*, 2007 WL 2029060 at *3. While the fee applications in both *Newman* and *Clendenin* were much tardier than the application at issue in the case before us, these cases nevertheless demonstrate that it is within the bankruptcy court's authority to set a deadline for fee applications and to deny any fee application filed after that deadline runs without addressing the reasonableness of the fees. *See*, *e.g,*, *In re Wilson*, No. 04-65540, 2007 WL 4248134 (Bankr. N.D. Ohio Nov. 30, 2007) (adopting 30-45 day deadline after work completed to file fee application while reducing fee requested by attorney by 50% in large part based upon untimeliness of application); *In re Anderson*, 253 B.R. 14 (Bankr. E.D. Mich. 2000) (denying fee applications filed eight days after deadline set for such applications in show cause order).

Following the bankruptcy court's order denying the fee application, Romano filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) asserting that it was "excusable neglect" to have not filed the fee application within the time frame ordered or to include the required memorandum. The bankruptcy court found that Romano had not asserted a sufficient basis under Rule 60(b) for reconsideration of its order and denied the motion.

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, provides in pertinent part:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e) . . . .

Relief from a final judgment under Rule 60(b) is an " 'extraordinary remedy and is granted only in exceptional circumstances.' " *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citation omitted).

In his brief to this Panel, Romano now asserts that new evidence was presented to the bankruptcy court. He explains:

> In the Motion to Reconsider, the Debtors' state not only the reason why the Application for Compensation was untimely filed but also include all of the information requested by the Trial Court in the Confirmation Order as to why the case was pending for more than one year. In the Motion To Reconsider, counsel for the Debtors' explained that, while he inadvertently missed the requirements outlined in Paragraph G, it was also because additional pleadings were required to be filed in aid of prosecution of the Debtors' case before the Application could be filed. It was at that time that counsel filed the Application with the Trial Court. Notwithstanding the Confirmation Order, it would have been an abundant waste of time and judicial economy for the Debtors' to have filed the initial Application on February 12 and then to file a Supplemental Application for those additional services on February 18.

> Additionally, the Debtors' outlined for the Trial Court why the case
> had been pending for over one year. Namely, because the case had
> been dismissed for 121 days between September 11, 2008, the filing
> date, and January 25, 2010, the date of Confirmation. There are no
> other reasons the Debtors could have provided - only the truth of the
> matter - as the basis for the 60(b) motion. Finally, the Motion to
> Reconsider was the only remedy available to the Debtors' since the
> Trial Court, by denying the Application for Compensation *with
> prejudice*, took away any ability for the Debtors' to purge the
> deficiency.

(Appellants' Br. at 6-7.) We must reject Romano's new evidence argument for two reasons. First, he did not raise the argument in the bankruptcy court and therefore it is waived. *Moyer v. Dutkiewicz* (*In re Dutkiewicz*), 408 B.R. 103, 109 (B.A.P. 6th Cir. 2009) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (argument not addressed is deemed waived). Second, even if we were to consider the argument, it fails. In order to obtain relief under Rule 60(b)(2), a litigant must show, among other things, that the new evidence is material and likely to change the outcome. *Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 615 (6th Cir. 2009). Romano's "new evidence," the filing of additional pleadings - an objection to confirmation - and the explanation of why the case was pending for over one year, was not new or likely to change the outcome. The objection to confirmation was filed on February 5, 2010. The fee application was filed on February 18, 2010. The objection to confirmation was on the record of the bankruptcy court at the time it entered its order denying the fee application. The dismissal of the case for 121 days was also of record at the time the court entered its order. Neither of these are new evidence as required by Rule 60(b)(2) and, because they were already of record at the time the bankruptcy court ruled, they certainly would not have changed the outcome.

Romano also has not shown excusable neglect in order to obtain relief under Rule 60(b)(1). He admitted to the bankruptcy judge, and admits to this Panel, that the failure to abide by the bankruptcy court's order and timely file his fee application was an "oversight on his part" and done "inadvertently." When determining whether relief should be afforded under Rule 60(b)(1), "neglect" is given its ordinary meaning which includes late filings caused by inadvertence, mistake or carelessness. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). The question is whether the neglect is excusable. In addressing whether neglect is "excusable," the United States Supreme

Court has stated, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). The Supreme Court has identified several factors to consider including the danger of prejudice to the opposition party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the moving party acted in good faith. *Id*.

The bankruptcy judge is afforded discretion when determining whether an attorney's neglect is excusable for purposes of Rule 60(b)(1), and review of the court's decision is " 'extremely deferential.' " *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citation omitted). We find no abuse of discretion here. The Supreme Court in *Pioneer* noted that "inadvertence . . . does not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. Additionally, "routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect." *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003); *see also FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999) (gross carelessness is insufficient basis for Rule 60(b)(1) relief). "Put another way, 'when inadvertent conduct leads to a judgment, a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence.' " *B & D Partners v. Pastis*, No. 05-5954, 2006 WL 1307480, at *3 (6th Cir. May 9, 2006) (unpub.) (quoting 12 MOORE'S FEDERAL PRACTICE § 60.41[1][c] [ii] (3d ed. 2005)) (finding no excusable neglect where lack of communication between co-counsel resulted in failure to timely respond to motion for summary judgment).

While there does not appear to be any prejudice to the Debtors due to the delay, and the sixday delay was relatively short, Romano's reason for the delay is simply not credible. The bankruptcy court set a deadline pursuant to its inherent powers to do so for counsel to submit a fee application. Through "oversight" and "inadvertence," counsel failed to abide by the court's deadline. Romano's explanation that it would have been a waste of the court's time to file by the deadline because an additional objection to claim needed to be filed is simply disingenuous. The objection to claim was filed on February 5, 2010, a week before the deadline for the fee application. There was clearly time to include the work done in order to file the objection in the fee application and timely

10

submit it. Moreover, the time allegedly spent reviewing the claims register and preparing the objection was not included in the fee application which was ultimately filed after the deadline.

## V. CONCLUSION

For the foregoing reasons, we find no abuse of discretion and the orders of the bankruptcy court are, therefore, affirmed.